Joshua B. Cooley (AK#1409065)
Katherine Elsner (AK#1411116)
**EHRHARDT, ELSNER & COOLEY**
215 Fidalgo Ave, Suite 201
Kenai AK 99611
Phone: (907) 283-2876
Fax: (907) 283-2896
josh@907legal.com
katie@907legal.com
*Attorneys for the Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| JAMEENA BURNETT, as Personal Representative of the ESTATE OF DINO LEITE; JOHNNA ANGLETON, as Personal Representative of the ESTATE OF CHASE LOGAN; and KELSEA LEITE,<br><br>　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　Defendant. | CASE NO._____ |

## COMPLAINT FOR DAMAGES UNDER
## THE FEDERAL TORT CLAIMS ACT

Plaintiffs bring this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, arising from a fatal motor vehicle collision that occurred on September 14, 2023, in Kasilof, Alaska. The collision was caused by the negligence of a United States Coast Guard employee acting within the scope of his employment. As a result, Dino Leite

and Chase Logan lost their lives and Kelsea Leite's vehicle was destroyed. Plaintiffs seek damages for wrongful death, survival, and property loss as allowed by Alaska law and the Federal Tort Claims Act.

## I. PARTIES

1. Plaintiff Jameena Burnett is a resident of Alaska and the duly appointed personal representative of the Estate of Dino Leite.

2. Plaintiff Johnna Angleton is a resident of Alaska and the duly appointed personal representative of the Estate of Chase Logan.

3. Plaintiff Kelsea Leite is a resident of Alaska. She was the owner of the vehicle occupied by Dino Leite and Chase Logan at the time of the collision.

4. Defendant United States of America, acting through its agency, the United States Coast Guard, is the proper party defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680.

## II. JURISDICTION AND VENUE

5. This action arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b), in that this is a civil action for money damages against the United States for personal injury, death, and property damage caused by the negligent acts or omissions of an employee of the United States acting within the course and scope of employment.

7. Venue is proper in the District of Alaska under 28 U.S.C. § 1402(b), because the events giving rise to this action occurred within this district and plaintiffs reside here.

8. Plaintiffs timely presented their claims to the United States Coast Guard on February 24, 2025, via Standard Form 95 ("SF-95"), as required by 28 U.S.C. § 2675(a).

9. More than six months have elapsed since the presentation of the administrative claims without settlement, denial, or final disposition. Plaintiffs have therefore exhausted their administrative remedies and may now proceed in this Court.

10. This action is timely filed under 28 U.S.C. §§ 2401(a) and (b) and § 2675(a).

### III. FACTUAL BACKGROUND

11. On September 14, 2023, Dino Leite was driving a 2002 Toyota Camry northbound on the Sterling Highway near Johnson Lake Road.

12. The Camry was owned by his daughter, Plaintiff Kelsea Leite.

13. Chase Logan was the front seat passenger in the Camry.

14. Dino Leite was properly restrained by his seat belt.

15. Chase Logan was properly restrained by his seat belt.

16. At the same time, Petty Officer First Class Bret Nemitz was operating a government-issued 2022 Ford F250 Super Duty northbound on the Sterling Highway directly behind the Camry.

17. Nemitz was acting within the scope of his employment with the United States Coast Guard at all times relevant.

18. Tustumena Elementary School is located along this section of the Sterling

Highway.

19. At approximately 3:30 p.m., the school zone for Tustumena Elementary was active.

20. The posted speed limit in the active school zone is 20 mph.

21. The school zone is marked by a fluorescent yellow sign approximately 580 feet before the zone.

22. The school zone is also marked by a 20 mph speed limit sign with two flashing yellow lights at its entrance.

23. The 20 mph school zone was active at the time Nemitz entered the school zone.

24. The yellow lights were flashing at the time Nemitz entered the school zone.

25. The yellow lights were flashing at the time of the collision.

26. Dino Leite slowed his vehicle in response to the active school zone.

27. Nemitz failed to slow his vehicle.

28. Nemitz told Alaska State Troopers he did not see the flashing lights of the school zone.

29. Event data from Nemitz's vehicle shows that in the ten seconds before braking, Nemitz's speed averaged 66 mph in a 55 mph zone, immediately before entering the 20 mph school zone.

30. Between 3:39:24 p.m. and 3:39:54 p.m., Nemitz's speed ranged from 75.26 mph to 65.71 mph.

31. Nemitz's Ford F250 collided with the rear of the Camry.

32. Despite heavy braking, Nemitz was still traveling 46.7 mph when he struck the Camry operated by Dino Leite and occupied by Chase Logan.

33. The impact occurred no later than 3:40:02 p.m.

34. The impact occurred inside the active school zone.

35. The force of the impact propelled the Camry forward and sideways across the centerline into oncoming traffic.

36. A 2019 Dodge Caravan traveling southbound struck the Camry broadside on the passenger side.

37. The operator of the Caravan had no opportunity to avoid the collision with the Camry.

38. The Camry sustained severe rear-end damage, with the trunk and right rear fender destroyed.

39. The Caravan impact intruded 2–2.25 feet into the passenger compartment at the B-pillar.

40. The center console was destroyed.

41. Both the Camry's driver and passenger seatbacks were bent and twisted.

42. The Camry remains in impound with the Alaska State Troopers.

43. Dino Leite's operation of the Camry did not contribute to these collisions.

44. Dino Leite suffered catastrophic injuries and was pronounced dead at the scene.

45. Chase Logan required extensive extrication.

46. A Central Emergency Services ambulance arrived at 3:54:08 p.m. and

departed at 4:31:17 p.m.

47. Chase Logan survived for approximately 80 minutes after the crash and was pronounced dead at Central Peninsula Hospital at 4:57 p.m.

## IV. COUNT I – NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT

48. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

49. At all times relevant, Nemitz was acting within the scope of his employment with the United States Coast Guard.

50. Nemitz owed a duty to operate his vehicle safely and in compliance with Alaska law.

51. By the conduct described above, Nemitz violated multiple Alaska statutes and regulations.

52. By driving 75 mph in a 55 mph zone immediately before entering a school zone, Nemitz failed to use reasonable care in operating his vehicle.

53. By entering an active 20 mph school zone without slowing, Nemitz failed to use reasonable care in operating his vehicle.

54. By failing to observe or respond to flashing yellow school zone lights, Nemitz failed to use reasonable care in operating his vehicle.

55. By following too closely, Nemitz failed to use reasonable care in operating his vehicle.

56. By driving at a speed too fast for conditions, Nemitz failed to use reasonable

care in operating his vehicle.

57. By failing to keep a proper lookout, Nemitz failed to use reasonable care in operating his vehicle.

58. By driving 46.7 mph after braking in a 20 mph school zone, Nemitz failed to use reasonable care in operating his vehicle.

59. By striking the rear of the Camry and propelling it into oncoming traffic, Nemitz failed to use reasonable care in operating his vehicle.

60. Nemitz's conduct, as alleged above, violated provisions of Alaska law, including:

    a. 13 AAC 02.090 (Following too closely);

    b. 13 AAC 02.275 (Basic speed rule);

    c. 13 AAC 02.280 (Alteration of speed limits);

    d. 13 AAC 02.545 (Driver to exercise care);

    e. AS 28.35.400 (Reckless driving); and

    f. AS 28.35.410 (Negligent driving).

61. Nemitz's violations constitute negligence per se.

62. Under 28 U.S.C. § 2674, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances" for Nemitz's negligence.

63. As a direct and proximate result of Nemitz's negligence, Dino Leite and Chase Logan lost their lives, and Kelsea Leite's vehicle was destroyed.

## V. DAMAGES – ESTATE OF DINO LEITE

64. As a result of Defendant's negligence, the Estate of Dino Leite and his wrongful death and survival beneficiaries suffered damages, including:

   a. Pre-death pain, suffering, and fear of impending death;

   b. Loss of marital relationship, love, care, companionship, consortium, guidance, and support;

   c. Funeral and burial expenses;

   d. Loss of earning capacity and financial support;

   e. Loss of enjoyment of life; and

   f. Other non-economic damages recoverable under AS 09.17.010.

65. This action seeks wrongful-death and survival damages under AS 09.55.580 and related Alaska law.

## VI. DAMAGES – ESTATE OF CHASE LOGAN

66. As a result of Defendant's negligence, the Estate of Chase Logan and his wrongful death and survival beneficiaries suffered damages, including:

   a. Pre-death pain, suffering, and fear of impending death;

   b. Loss of parent-child relationship, consortium, love, care, companionship, guidance, and support;

   c. Funeral and burial expenses;

   d. Loss of earning capacity and financial support;

   e. Loss of enjoyment of life; and

  f.  Other non-economic damages recoverable under AS 09.17.010.

 67. This action seeks wrongful-death and survival damages under AS 09.55.580 and related Alaska law.

## VII. DAMAGES – KELSEA LEITE – PROPERTY DAMAGE

 68. As a result of Defendant's negligence, Kelsea Leite suffered property damages including:

  a.  The fair market value of her 2002 Toyota Camry immediately prior to the collision;

  b.  Loss of use of the vehicle for a reasonable period of replacement;

  c.  Incidental expenses reasonably flowing from the loss.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant United States of America as follows:

  a.  For compensatory damages in an amount to be determined at trial, including all wrongful death, survival, and property damages recoverable under Alaska law and the FTCA;

  b.  For funeral expenses, loss of earnings, loss of support, and loss of use;

  c.  For post-judgment interest as allowed by law;

  d.  For costs of suit under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 2412(a)(1); and

e.  For such other relief as the Court deems just and proper.

Date: September 9, 2025　　　　　　　　Respectfully Submitted,

By: */s/ Joshua Cooley*
Joshua B. Cooley, 1409065
Katherine Elsner, 1411116
**EHRHARDT, ELSNER & COOLEY**
215 Fidalgo Ave, Suite 201
Kenai AK 99611
Phone: (907) 283-2876
Facsimile: (907) 283-2896
Email: josh@907legal.com
Email: katie@907legal.com

*Attorneys for Plaintiffs*