MICHAEL J. HEYMAN
United States Attorney

JACQUELYN A. TRAINI
Chief, Civil Division
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Jackie.Traini@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMEENA BURNETT, as Personal Representative of the ESTATE OF DINO LEITE; JOHNNA ANGELTON, as Personal Representative of the ESTATE OF CHASE LOGAN; AND KELSEA LEITE,<br><br>        Plaintiffs,<br><br>  vs.<br><br>BRET NEMITZ,<br><br>        Defendant. | Case No. 3:25-cv-_____<br><br>(State Court No. 3KN-25-00764CI) |

**NOTICE OF REMOVAL AND SUBSTITUTION**

Pursuant to 28 U.S.C. § 2679(d)(2) and 28 U.S.C. § 1446, the United States of America, through the United States Attorney's Office, removes this action from the Superior Court for the State of Alaska, Third Judicial District at Kenai to the United States

District Court for the District of Alaska. The United States removes this action on behalf of the following scoped party: Bret Nemitz. In support of this Notice of Removal, the United States avers as follows:

I. THE STATE COURT ACTION

1. On or about September 8, 2025, plaintiffs, Jameena Burnett, Johnna Angelton, and Leite Kelsea filed a civil action in the Superior Court for the State of Alaska, Third Judicial District at Kenai, styled as *JAMEENA BURNETT, as Personal Representative of the ESTATE OF DINO LEITE; JOHNNA ANGELTON, as Personal Representative of the ESTATE OF CHASE LOGAN; AND KELSEA LEITE, vs. BRET NEMITZ,* Case No. 3KN-25-00764CI (the "original complaint"). A true and correct copy of the original complaint is attached hereto as Exhibit A.

2. The allegations in the original complaint concern Federal Tort Claims. Plaintiffs have alleged that defendant negligently caused a fatal motor vehicle collision, resulting in wrongful death and economic and non-economic injuries. Plaintiffs seek compensatory and punitive damages for this alleged wrongful death and losses.

II. THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

3. This Notice of Removal is brought under 28 U.S.C. § 2679(d)(2).

4. Chief of the Civil Division for the District of Alaska, Jacquelyn A. Traini, has certified that, with respect to the allegations in Plaintiffs' Complaint, defendant Bret Nemitz was acting within the scope of their employment with the United States Coast Guard and that they are deemed entitled to coverage and protection under the Federal Tort

Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.

Chief of the Civil Division for the District of Alaska, Jacquelyn A. Traini, has further certified that, with respect to the allegations in Plaintiffs' Complaint, Bret Nemitz, is deemed to be an employee of the federal government as they were acting within the scope of federal employment for purposes of the FTCA, 28 U.S.C. §§ 2671-80. The Certification is filed concurrently with this Removal.

5. 28 U.S.C. § 2679(d)(2) provides: (1) that upon certification by the Attorney General that the Defendant employee was acting within the scope of its federal employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a state court shall be removed at any time before trial to the district court of the United States for the district in which the action is pending; and (2) that such claim shall be deemed to be an action against the United States subject to the provisions of the FTCA.

6. The remedy provided by the FTCA for such claim and action against the United States is the exclusive remedy and any other civil action or proceeding against defendant Bret Nemitz, involving or arising out of the same subject matter, is precluded. 28 U.S.C. § 2679(b)(1).

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 2679(d)(2) (removal may occur "at any time before trial").

8. Pursuant to 28 U.S.C. § 2679(d)(2), no bond is required to be filed with this Notice of Removal.

9. This Court embraces the locality in which the state court action is now pending and thus is a proper forum pursuant to 28 U.SC. § 2679(d)(2).

10. No previous application has been made for the relief requested herein.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties who have appeared and filed with the Superior Court for the State of Alaska, Third Judicial District at Kenai.

12. This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

13. Pursuant to Local Rule 3.1(a), a copy of the civil cover sheet is being submitted herewith.

14. If any questions arise regarding the propriety of the removal of this action, the United States respectfully requests the opportunity to present briefing and/or oral argument in support of its position that this case is removable.

WHEREFORE, the United States respectfully requests that this Court:

1. Assume jurisdiction over this action as if Plaintiffs Jameena Burnett, as personal representative of The Estate of Dino Leite; Johnna Angelton, as personal representative of The Estate of Chase Logan; and Kelsea Leite had originally commenced this action with this Court; and

2. Substitute the United States in place of all named scoped defendants, pursuant to 28 U.S.C. § 2679(d)(2) ("the United States shall be substituted as the party defendant").

RESPECTFULLY SUBMITTED this 20th day of October 2025, in Anchorage, Alaska.

        MICHAEL J. HEYMAN
        United States Attorney

        /s/ Jacquelyn A. Traini
        JACQUELYN A. TRAINI
        Chief, Civil Division
        United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on October 20, 2025, a copy of the foregoing was served via First Class mail on:

Joshua B. Cooley (AK#1409065)
Katherin Elsner (AK#1411116)
Ehrhardt, Elsner & Cooley
215 Fidalgo Avenue, Suite 201
Kenai, AK 99611
*Attorneys for Plaintiffs*

/s/ Jacquelyn A. Traini
Assistant U.S. Attorney

*Estate of Leite et. al v. Bret Nemitz*     Page **5** of **5**
Case No. 3:25-cv-_____